## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

---

**CY THOMAS KASTEN,**

           Plaintiff,                    **COMPLAINT**

**v.**                                    **Civil Action No.:**

**UNITED FIRE & CASUALTY COMPANY,**

           Defendant.

---

Now comes the Plaintiff, Cy Kasten, by his undersigned attorneys, Unger Law Office and Johns, Flaherty & Collins, S.C., and alleges the following:

### PARTIES

1.      Plaintiff Cy Thomas Kasten, is an adult resident of the State of Minnesota.

2.      Defendant United Fire & Casualty Company is an insurance company incorporated in the State of Iowa, whose principal place of business is at 118 Second Avenue SE, Cedar Rapids, Iowa, 52407.  Defendant is licensed to do business in the State of Minnesota.

### JURISDICTION AND VENUE

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Minnesota.

## FACTUAL BACKGROUND

4.      On or before February 25, 2013, Defendant issued an insurance policy, number 60068116 to Winona Heating & Ventilating Company which contained, *inter alia*, commercial auto coverage (hereinafter "Policy").

5.      Among the vehicles insured under Policy number 6008116, was a 2011 GMC Sierra, VIN 1GTN1TEX8BZ433297 (hereinafter "Sierra").

6.      On February 25, 2014, Plaintiff was driving the Sierra on behalf of his employer, Winona Heating & Ventilating Company in the County of Houston, State of Minnesota.

7.      At approximately 6:24 a.m., Plaintiff was struck head-on (hereinafter "the accident") by a driver, Bailey Jean Proudfoot (hereinafter "Proudfoot").  The vehicle Proudfoot was driving was owned by her father, Bruce Proudfoot.

8.      Proudfoot and her insurance company have paid the limits of liability of her automobile insurance coverage of $30,000.00 to the Plaintiff.  Proudfoot's liability for the accident was not contested.  Defendant was offered to subrogate Proudfoot's insurer's payment of $30,000.00 pursuant to *Schmidt v. Clothier*, 388 N.W.2d 256 (Minn. 1983) and *American Family v. Baumann*, 459 N.W.2d 923 (Minn. 1990).  However, Defendant declined.  All claims against Bailey Jean Proudfoot and Bruce Proudfoot have been released by the Plaintiff.

9.      As a direct and proximate result of Proudfoot's negligence and the resulting collision, Plaintiff sustained injuries which have caused great pain and mental anguish.  In addition, Plaintiff incurred medical expenses and lost income.  In the future, Plaintiff will continue to suffer pain and mental anguish and to incur medical expenses.  Finally,

Plaintiff has suffered a loss of earning capacity and will also be reasonably certain to incur loss of wages in the future.  The values of these injuries and damages exceeds $1,000,000.00.

### UNDERINSURED MOTORIST COVERAGE

10.    Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 9 of this Complaint.

11.    The "named insured" under the Policy is Winona Heating & Ventilating Company.

12.    On February 25, 2013, Plaintiff was an employee of Winona Heating & Ventilating Company, a Minnesota corporation, and was driving the Sierra when it was struck by Proudfoot.

13.    Under the terms of the Policy where a "named insured" is a corporation, an "insured" is anyone "'occupying' a covered 'auto.'"  The Plaintiff is an "insured" under the Policy.

14.    Moreover, under the terms of the Policy, Defendant "will pay all sums the 'insured' is entitled to recover as compensatory damages from the owner or driver of an . . . 'underinsured motor vehicle'."

15.    Pursuant to Minn. Stat. § 65B.43(16), an "underinsured motor vehicle" is defined as "a motor vehicle . . . to which a bodily injury liability Policy applies at the time of the accident but its limit for bodily injury liability is less than the amount needed to compensate the insured for actual damages."

16.    Under this definition, the Proudfoot vehicle was an "underinsured motor vehicle" pursuant to Defendant's Policy.

### Cause of Action—Breach of Contract

17.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 16 of this Complaint.

18.     Under the terms of the Policy, the Defendant was required to compensate the Plaintiff for his damages due to him from the driver of an underinsured automobile.

19.     Despite complying with all of the requirements of the Policy, the Plaintiff has not yet received "all sums he is entitled to."   There is no reasonable basis for denying the benefits of the Policy and the Defendant knows and/or is recklessly disregarding the lack of reasonable basis to deny the Plaintiff's claim.   Defendant has been advised that the basis for its refusal to pay the Plaintiff "all sums he is entitled to" is not supported by the law in Minnesota.

20.     Defendant unreasonable refusal to pay the Plaintiff "all sums he is entitled to" is a breach of the insurance contract.


**WHEREFORE,** the Plaintiff requests:

1.     A jury trial in this matter pursuant to F.R.C.P 38(b);

2.     A declaration that Defendant has breached the insurance contract with Plaintiff and an award to Plaintiff of the amount of his damages due under the contract;

3.     An award to Plaintiff of his reasonable costs, disbursements and attorneys' fees;

4.     An award of both pre- and post-judgment interest pursuant to Minn. Stat. § 549.09; and

5.     An order granting all other and further relief as it may deem just, fair and equitable, including such relief as may be allowed in the event that the complaint is later amended pursuant to the provisions of Minn. Stat. § 604.18.


Dated August 26, 2015.


**UNGER LAW OFFICE**

By: s/Michael W. Unger
   Michael W. Unger
   Attorney ID Number 131416
   Attorneys for Plaintiff
   4900 IDS Center
   80 South Eighth St.
   Minneapolis, MN  55402
   Phone: (612) 339-3600
   FAX: (612) 339-3605


**JOHNS, FLAHERTY & COLLINS, S.C.**

Terence R. Collins, MN State Bar No. 0242688
Cheryl M. Gill, WI State Bar No. 1029503
Attorneys for Plaintiff
205 5th Avenue South, Suite 600
P.O. Box 1626
La Crosse, WI 54601-1626
(608) 784-5678
FAX: (608) 784-0557